**Younoussa DIAKITE, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

No. 07–0483–ag.

United States Court of Appeals, Second Circuit.

Dec. 21, 2007.

---

1. Pursuant to Federal Rule of Appellate Pro-    cedure 43(c)(2), Attorney General Michael B.

Brian I. Kaplan, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Janice K. Redfern, Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOHN M. WALKER, JR., Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Younoussa Diakite, a native and citizen of Guinea, seeks review of a November 17, 2006 order of the BIA affirming the June 13, 2005 decision of Immigration Judge ("IJ") Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yououssa Diakite,* No. A79 327 577 (B.I.A. Nov. 17, 2006), *aff'g* No. A79 327 577 (Immig. Ct. N.Y. City June 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, "as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision," this Court reviews "both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See, e.g., Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

Here, the IJ's adverse credibility finding was based on the following factors: (1) Diakite provided a 2000 affidavit and a 2002 letter from the Secretary General of RPG that contained several inconsistencies in formatting; (2) Diakite was able to obtain a valid passport and identification card during the time Guinean government officials were seeking to arrest him; (3) Diakite's wife obtained a Guinean national identity card while living in the United States;(4) Diakite failed to provide information to the Asylum Office that was included in his supplemental asylum application; and (5) Diakite's demeanor indicated that he was not testifying in a credible manner. Each of these findings is flawed.

First, the IJ merely speculated and failed to provide any reason for finding the formatting discrepancies between the 2000 affidavit and the 2002 letter indicative of fabrication or probative of Diakite's credibility. *See Dao Lu Lin v. Gonzales*, 434 F.3d 1158, 1160 (9th Cir.2006) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Similarly, the IJ failed to provide any reasoning as to why the presence of whiteout on one of the letters in a place that had nothing to do with the substance of the letter was indicative of fabrication. Likewise, the IJ's finding that the signatures of the Secretary General "appear" to be different on the 2000 affidavit when compared with the 2002 letter provides insufficient reasoning to discredit either the authenticity of the documents or Diakite's credibility. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 115 (2d Cir.2005).

The IJ further supported her adverse credibility finding with the fact that Diakite obtained a passport and renewed his national identity card during the time he claimed that the government was seeking to persecute him. This Court has held, however, that an applicant's ability to obtain identification documents in his home country while in hiding for fear of persecution is itself not "a valid, cogent reason for a negative credibility finding." *See Secaida–Rosales v. INS*, 331 F.3d 297, 310 (2d Cir.2003). And petitioner here explained that he was able to obtain a passport from individuals working for the government and issuing passports who did not support the government party in power. *Zhi Wei Pang v. Bureau of Citizenship & Immigration Servs.*, 448 F.3d 102, 108 (2d Cir. 2006) (recognizing that "[a]lthough the IJ is not required to credit [an applicant's] explanation, the IJ is required to present specific, cogent reasons for rejecting it" (citations omitted)). The IJ's reliance on the fact that petitioner's wife, who he claimed had been harassed by government officials due to his RPG membership, received her Guinean national identity card when she was already living in the United States is flawed for the same reasons.

We also find any purported discrepancy between Diakite's statements to an asylum officer and his 2005 supplemental asylum application to be no more than a minor omission. Specifically, the IJ noted that Diakite's application provided that he was on a Guinean list of RPG supporters to be arrested, but that he had failed to mention this fact to the asylum officer. When asked about this omission, Diakite responded that he simply answered the questions asked by the officer. Given the other specific testimony offered by petitioner and the lack of the record of Diakite's interview before us, the minor omission is not substantial evidence to support the IJ's finding. *Secaida–Rosales*, 331

F.3d at 308–09 (providing that "the impact of omissions must be measured against the whole record before they may justify an adverse credibility determination").

Finally, the IJ relied in part on Diakite's demeanor as a basis for finding that he was not credible. In so doing, the IJ noted that Diakite's "testimony on direct seemed quite glib and vacillating ... and the only genuine emotion the [IJ] was able to ascertain was the testimony on cross-examination when the respondent testified that he misses his mother." We accord particular weight to an IJ's assessment of an applicant's demeanor because the IJ is in the best position to discern the impression conveyed by the applicant. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005) (internal quotation marks omitted). However, as the IJ failed to provide any example in the record where Diakite's testimony was inconsistent, or "vacillating," the IJ's demeanor finding does not appear to be supported by the record. *Cf. Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir.2006) (finding that the Court can be "more confident in [its] review of observations about an applicant's demeanor where ... they are supported by specific examples of inconsistent testimony").

As none of the IJ's findings in support of her adverse credibility determination were free from error, we remand for further proceedings. *Chung Sai Zheng v. Gonzales,* 440 F.3d 76, 79–80 (2d Cir.2006). Moreover, as the IJ's decision to deny Diakite's withholding and CAT claims was predicated on her flawed adverse credibility determination, these claims must also be remanded. Accordingly, we grant the petition for review.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case REMANDED for further proceedings consistent with this Order. Petitioner's motion for permission to file a supplemental brief is DENIED as moot. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).